## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | | |
|---|---|---|
| **CYNTHIA HANSEN,** | ) | |
| | ) | |
| *Plaintiff* | ) | **Case No.** |
| | ) | |
| *v.* | ) | **NOTICE OF REMOVAL** |
| | ) | |
| **HARTFORD LIFE AND ACCIDENT** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| *Defendant* | ) | |

Defendant and removing party, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, by its attorneys, Michael W. Thrall of Nyemaster Goode, P.C. and Warren von Schleicher[1] of Smith von Schleicher & Associates, and provides Notice of Removal pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1.      Hartford Life and Accident Insurance Company ("Hartford") is the defendant in an action captioned *Cynthia Hansen v. Hartford Life and Accident Insurance Company*, Case No. LACL132781, pending in the Iowa District Court for Polk County.  The plaintiff, Cynthia Hansen ("Plaintiff"), commenced this action on May 27, 2015 by filing her Petition at Law and Jury Demand (the "Petition") in the Iowa District Court for Polk County.

2.      On May 29, 2015, Hartford was served with the Original Notice and  Petition by service on the Commissioner of Insurance for the State of Iowa.  A copy of the Original Notice, Petition, and Acceptance of Service are attached hereto as Exhibits A, B, and C, respectively. The Original Notice, Petition, and Acceptance of Service constitute all of the process, pleadings and orders served on Hartford.

---

[1] Warren von Schleicher is pending admission *pro hac vice*.

3.      Based on the date of service of the Original Notice and Petition, Hartford is required to file its Notice of Removal on or before June 29, 2015.  Because Notice of Removal has been filed on or before June 29, 2015, Hartford's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446.  A copy of the Notice of Filing Notice of Removal to be filed with the Polk County District Court, Iowa, is attached hereto as Exhibit D.

4.      This civil action is removable based on 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff seeks payment of disability benefits from Hartford under an employee welfare benefit plan (the "Plan") established, sponsored, and maintained by Plaintiff's employer, Iowa Health System ("Employer"), and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").  (Ex. B, Petition ¶¶ 3-4).

5.      The Plan is funded pursuant to the terms of a Group Insurance Policy ("Group Policy") and Group Benefit Plan Booklet-Certificate ("Booklet-Certificate") issued by Hartford to the Employer.  The Group Policy and Booklet-Certificate are attached hereto as Exhibits E and F, respectively, and are referred to hereafter collectively as the "Plan."[2]

6.      Plaintiff alleges in the Petition that she was insured under the Plan, and that Hartford wrongfully denied her claim for benefits under the Plan.  Plaintiff asserts state law claims against Hartford for breach of contract and punitive damages arising out of the Plan's terms and Hartford's denial of benefits.  (Ex. B, Petition ¶¶ 3, 4, 7, Wherefore clause).

7.      This action is removable based on 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff's claim for payment of benefits under the Plan is governed by ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).  Section 502(a)(1)(B) of ERISA authorizes a participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

---

[2] The Booklet-Certificate is part of the Group Policy.  (Ex. E, Group Policy, pg. GR-11383-HLA(8)).

8.     Section 502(a)(1)(B) of ERISA completely preempts the state law claims asserted by Plaintiff in the Petition.   Complete preemption under §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA.   *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).   See also E*stes v. Federal Express Corp.*, 417 F.3d 870, 872-873 (8th Cir. 2005) (holding that the doctrine of complete preemption converts state law claims into ERISA claims for purposes of the well-pleaded complaint rule).

9.     The Plan is an ERISA-regulated employee welfare benefit plan established, maintained, and/or endorsed by the Employer for the purpose of providing disability insurance coverage to eligible employees of the Employer, including Plaintiff, as a benefit of employment. Plaintiff was an eligible employee of the Employer and a participant in the Plan.   This case is properly removable to the United States District Court for the Southern District of Iowa, Central Division, from the Iowa District Court for Polk County, based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

(i)     The Employer established and/or maintained the Plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and 29 U.S.C. §1002(5) for the purpose of, *inter alia*, providing disability insurance coverage to the Employer's eligible employees pursuant to a group insurance policy issued by Hartford.   (Ex. F, Booklet-Certificate, pgs. 3-5, 21).

(ii)     The Plan establishes detailed administrative review and appeal procedures for receiving benefits, including a description of participants' and beneficiaries' rights to bring a civil action under §502(a) of ERISA, and provides a Statement of ERISA Rights.   (Ex. F, Booklet-Certificate, pgs. 13-16, 23-26).

(iii)     The Plan constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

(iv)     Plaintiff asserts a claim for benefits under the Plan and is a participant
         as defined by 29 U.S.C. §1002(7) in that she has asserted a colorable
         claim to employee welfare benefits provided under the Plan.

(v)      Pursuant to 29 U.S.C. §1132(e), the district courts of the United States
         have original jurisdiction over actions brought by participants or
         beneficiaries to recover benefits or other relief under employee welfare
         benefit plans governed by ERISA.

10.     The Plan is not exempt from ERISA under the safe harbor provision of ERISA's

regulations.  The safe harbor provision exempts benefit plans from ERISA only if all four safe

harbor criteria are satisfied, including that no contributions are made by the employer, that

participation is completely voluntary, and that the sole functions of the employer are, "without

endorsing the program, to permit the insurer to publicize the program to employees or members,

to collect premiums through payroll deductions or dues checkoffs and to remit them to the

insurer."  29 C.F.R. §2510.3-1(j).

11.     The Plan falls outside of the safe harbor exemption because the Employer paid for

its eligible employees' disability insurance coverage.  (Ex. F, Booklet-Certificate, pgs. 3, 22).

See *Ibson v. United Healthcare Services, Inc.*, 776 F.3d 941, 945 (8th Cir. 2014), *cert. denied*, ---

S.Ct. ---, 2015 WL 1160164 (May 26, 2015) ("Under the first [safe harbor] element—that no

contributions be made by the employer—this plan fails to qualify for the safe harbor exemption.

It is uncontested that the law firm paid part of the premium costs for the employees of the firm.

Thus the plan does not meet all of the elements for exemption under the ERISA safe harbor

provision.").  In addition, participation in the Plan is not completely voluntary because all

eligible employees are automatically enrolled in the Plan by the Employer, and the Plan requires

participation of a certain percentage of eligible employees in order to remain in effect.  (Ex. E,

Group Policy, pg. GR-11383-HLA(8); Ex. F, Booklet-Certificate, pg. 4).

12. Moreover, the Employer endorsed the Plan and did not maintain strict neutrality. As explained by the United States Department of Labor, "[the] requirement of employer neutrality is key to the rationale for not treating such a program as an employee benefit plan, namely the absence of employer involvement." 40 Fed. Reg. 34,526 (1975). If an employer fails to maintain neutrality and endorses the plan, the safe harbor exemption is inapplicable. *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 436-437 (6th Cir. 1996); *Van Natta v. Sara Lee Corp.*, 439 F.Supp.2d 911, 923 (N.D. Iowa 2006); *Bonestroo v. Cont'l Life & Acc. Co.*, 79 F.Supp.2d 1041, 1047-1048 (N.D. Iowa 1999).

13. The Employer endorsed the Plan by selecting Hartford as its disability insurer, purchasing the coverage as a benefit for its employees, identifying itself as the Policyholder and Plan Administrator, designating which employees are eligible for coverage, paying its participating employees' coverage premiums for disability insurance, and retaining the authority to terminate the Plan. (Ex. F, Booklet-Certificate, pgs. 3-4, 21-22). The Employer, therefore, "endorsed" the Plan as part of its employee welfare benefit program, rendering the safe harbor exemption inapplicable. See *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 388 (6th Cir. 2009); *Van Natta*, 439 F.Supp.2d at 923; *Bonestroo*, 79 F.Supp.2d at 1048; *Shaw v. Prudential Ins. Co. of Am.*, 10-3355-S-CV-DGK, 2012 WL 432874, at *5-6 (W.D. Mo. Feb. 9, 2012).

14. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits. See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). The existence of the Plan is a critical element of Plaintiff's claims in the Petition. Plaintiff's claims cannot be resolved without interpreting and applying the terms of the Plan relating to qualification for and payment of Plan benefits. Plaintiff's state law claims, therefore,

fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA.  See *Davila*, 542 U.S. at 210.

15.     Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, Hartford is entitled to removal of this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441.  This case is properly removed from the Iowa District Court for Polk County, to the United States District Court for the Southern District of Iowa, Central Division, based on federal question jurisdiction.

WHEREFORE, Removing Party and Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, removes the above titled action from the Iowa District Court for Polk County, to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

/s/Michael W. Thrall, AT0007975
Ryan W. Leemkuil, AT0011129
NYEMASTER GOODE, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa  50309
Telephone:      (515) 283-3189
Facsimile:      (515) 283-8045
E-mail:         mwt@nyemaster.com
                rwleemku@nyemaster.com

Warren von Schleicher (IL-6197189)
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
Telephone:  (312)541-0300
Facsimile: (312) 541-0933
Email: warren.vonschleicher@svs-law.com
(pending admission *pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2015, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing to the counsel below:

Steve Hamilton
Hamilton Law Firm P.C.
P.O. Box 188
606 Ontario Street
Storm Lake, Iowa 50588

/s/ Michael W. Thrall